Filed 9/18/14  P. v. Woods CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>TANYA LATTRICE WOODS,<br><br>     Defendant and Appellant. | F066584<br><br>(Madera Super. Ct.<br>No. MCR039753)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Mitchell C. Rigby, Judge.

Tutti Hacking, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Kane, Acting P.J., Detjen, J. and Chittick, J. Pro Tem

## INTRODUCTION

Appellant/defendant Tanya Lattrice Woods was charged with unlawful possession of heroin and narcotics paraphernalia while an inmate in state prison, with two prior strike convictions. She pleaded no contest to possession of a hypodermic needle by an inmate, admitted one prior strike conviction, and was sentenced to the stipulated term of eight years.

On appeal, her appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

On August 29, 2010, Correctional Officer Martinez was on duty at Valley State Prison for Women. She was checking the inmates as they returned from the yard into their units. She also conducted routine random searches of the inmates.

Defendant was an inmate in Officer Martinez's unit.[2] Defendant occasionally used a wheelchair. As defendant returned from the yard, she was walking and pushing her wheelchair. A clear plastic tote bag was hanging from the chair.

Officer Martinez searched the wheelchair and did not find any contraband. Martinez took control of the tote bag and searched it. Defendant became hostile and yanked the bag away from Martinez. The contents spilled onto the floor, and defendant asked Martinez if she was happy now.

Officer Beltran took over the situation. She conducted a patdown search on defendant and did not find any contraband. Beltran ordered defendant to remove her headscarf, and defendant complied. Beltran searched the scarf and found a piece of tar

---

[1] The following facts are from the preliminary hearing given defendant's plea.

[2] In 2006, defendant was convicted of first degree robbery (Pen. Code, § 211) with a prior serious felony enhancement (Pen. Code, § 667, subd. (a)) and sentenced to 11 years in Los Angeles County Superior Court case No. BA299800.

heroin wrapped in plastic which did not appear to be a usable amount. Beltran also found a plastic spoon in the scarf. The handle was broken and there was brown/black residue in the spoon, which appeared consistent with using it to heat the heroin to ingest or inject it.

Officer Beltran ordered defendant to submit to an unclothed body search. Defendant was escorted to an office, and she removed her clothes. Beltran asked defendant whether she had any other contraband. Defendant produced a plastic package from her vaginal area which contained a hypodermic needle. Defendant also produced a pill from her underwear. The pill was later identified as a morphine pill for which she had a prescription from the prison pharmacy, but she was supposed to ingest the pill when it was administered by medical officials.

## PROCEDURAL HISTORY

On March 22, 2011, an information was filed in the Superior Court of Madera County charging defendant with three felony counts of the unlawful possession of the following narcotics contraband while an inmate: count I, heroin; count II, a hypodermic needle; and count III, a spoon (Pen. Code, § 4573.6),[3] with special allegations that she had two prior strike convictions (§ 667, subds. (b)–(i)) and served three prior prison terms (§ 667.5, subd. (b)).

On February 1, 2012, the court conducted the trial readiness conference. Defendant was present with her attorney. Defense counsel advised the court about plea negotiations.

> "Your Honor, for the record I spoke with [defendant] and furthermore, I –
> furthermore, I explained the risk involved in this case. And the People
> have offered – after discussing with me this morning – they offered six
> years. Her exposure is 25 years to life. And I don't – she is rejecting that."

The court confirmed the matter for trial.

---

[3] All further statutory references are to the Penal Code unless otherwise indicated.

3.

**Plea proceedings**

On February 10, 2012, the court conducted the trial confirmation hearing. Defendant was again present with her attorney. Defense counsel stated the prosecution offered eight years and defendant rejected it. Defense counsel countered with six years and the prosecutor rejected it, and they were going to proceed to trial.

Later that day, however, the court reconvened and defense counsel stated that defendant would enter into a negotiated plea agreement for eight years. Defendant pleaded guilty to count II, possession of a hypodermic needle by an inmate, and admitted one prior strike conviction for a stipulated term of eight years. The court dismissed the remaining allegations.

**Defendant's motion to withdraw her plea**

On May 24, 2012, defense counsel advised the court that defendant wanted a new attorney and to withdraw her plea. The court conducted a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, relieved defense counsel, and appointed another attorney to investigate possible ineffective assistance regarding the plea.

On October 29, 2012, defendant filed a motion to withdraw her plea and argued her first attorney failed to explain the prosecution's initial offer of six years. Defendant filed a supporting declaration stating that she did not know about the six-year plea offer, that the offer was never fully explained to her, that she never rejected that offer, and she would have accepted it if she had known about it.

On November 2, 2012, the People filed opposition and argued defendant knew about the plea negotiations because she was present when her first defense attorney advised the court about the plea offer of six years.

On December 14, 2012, the court heard and denied the motion, and found the six-year plea offer had been discussed in open court in defendant's presence.

4.

**Sentencing hearing**

On January 24, 2013, the court conducted the sentencing hearing. Defense counsel requested a four year term because of the recent changes to the "Three Strikes" law for nonviolent drug offenses. The court rejected the argument and noted defendant had significant prior prison terms. The court sentenced defendant to eight years, fully consecutive to the term she was already serving in Los Angeles County Superior Court case No. BA299800. The court also imposed various fees and fines. The court found defendant was not entitled to any presentence credits because she was already serving an unrelated prison term and earning credits against that term.

On January 28, 2013, defendant filed a timely notice of appeal for matters occurring after the plea. She did not request or obtain a certificate of probable cause.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on July 8, 2013, we invited defendant to submit additional briefing. To date, she has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.